UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JUSTIN BECKER and AMBER BECKER, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CONAGRA FOODS, INC., and )<br>A&J BIN CLEANING, INC., )<br>)<br>)<br>Defendants. )<br>_____)<br>)<br>CONAGRA FOODS, INC., )<br>)<br>Cross-Claim Plaintiff/ )<br>Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>A & J BIN CLEANING, LLC )<br>)<br>Cross-Claim Defendant, )<br>)<br>and )<br>)<br>WEST SIDE SALVAGE, INC., )<br>)<br>Third-Party Defendant. )<br>_____) | Case No. 3:10-cv-00952-MJR-PMF<br>Consolidated for Discovery with<br>Case No. 3:10-cv-00474-MJR-PMF and<br>Case No. 3:11-cv-00391-MJR-PMF<br><br>JURY TRIAL DEMANDED |

**CONAGRA FOODS, INC.'S FIRST AMENDED CROSSCLAIM**
<u>**AGAINST A & J BIN CLEANING, LLC**</u>

ConAgra Foods, Inc. ("ConAgra"), by and through its undersigned attorneys, and for its <u>First Amended </u>Crossclaim against Defendant A & J Bin Cleaning, LLC, respectfully states as follows:

## PARTIES / JURISDICTION

1. ConAgra is a Delaware corporation with its principal place of business in Omaha, Nebraska.

2. Upon information and belief, West Side Salvage, Inc. ("West Side") is an Iowa corporation with its principal place of business in Atkins, Iowa.

3. Upon information and belief, A & J Bin Cleaning, LLC ("A&J") is a Minnesota limited liability company with its principal place of business in Cleveland, Minnesota.

4. Upon information and belief, Alan A. Derner is the principal owner and manager of A&J and resides in Cleveland, Minnesota. For the purposes of diversity jurisdiction, Alan Derner is a citizen of the State of Minnesota.

5. Upon information and belief, Jacqueline A. Derner is a member of A&J and resides in Cleveland, Minnesota. For the purposes of diversity jurisdiction, Jacqueline A. Derner is a citizen of the State of Minnesota.

6. Because its members are citizens of the State of Minnesota, A&J is a citizen of the State of Minnesota for the purposes of diversity jurisdiction.

7. This Court has jurisdiction over this dispute and the parties pursuant to 28 U.S.C. § 1332, in that ConAgra, West Side, and A&J, are citizens of different states, and in that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in, and a substantial part of property that is the subject of the action is situated in, this District.

## GENERAL FACTS AND ALLEGATIONS

9. On November 23, 2010, Plaintiff Justin Becker ("Plaintiff") filed his Complaint in this action naming ConAgra as the sole defendant. See Doc. # 2, Plaintiff's Complaint.

10. On December 1, 2010, pursuant to this Court's December 1, 2010 order regarding Plaintiff's alleged residency, Plaintiff filed his First Amended Complaint still naming ConAgra as the sole defendant. See Doc. # 7, Plaintiff's First Amended Complaint.

11. On February 4, 2011, ConAgra filed its Third-Party Complaint against West Side and A&J. See Doc. #15, ConAgra's Third-Party Complaint against West Side and A&J.

12. On February 23, 2011, pursuant to this Court's February 22, 2011 order, Plaintiffs filed their Second Amended Complaint which named both ConAgra and A&J as defendants and added Mr. Becker's wife, Plaintiff Amber Becker, to the case. See Doc. #29, Plaintiffs' Second Amended Complaint.

13. Plaintiffs' Second Amended Complaint alleges claims of negligence, res ipsa loquitor, Restatement Section 414 negligence, premises liability, and loss of consortium independently and based on res ipsa loquitor, Restatement Section 414, and premises liability relating to injuries suffered by Justin and Amber Becker. Among other things, Plaintiffs allege that Mr. Becker "sustained severe and permanent injuries" from "an explosion and fire" that occurred at ConAgra's Chester, Illinois facility on April 27, 2010 (hereinafter described as the "Incident") and that Amber Becker "has been deprived, and is reasonably certain to be deprived in the future of the society, companionship and conjugal relationship with her husband."

14. On April 15, 2010, ConAgra sent a contract to West Side which was executed by West Side on April 19, 2010. See Exhibit A, Work Order Contract. The contract was re-

executed by both ConAgra and West Side on May 25 and 26, 2010. See Exhibit B, Work Order Contract.

15. Exhibits A and B are true and accurate copy of the contract between West Side and ConAgra.

16. After entering into the contract with ConAgra, West Side retained A&J as its subcontractor to aid West Side in the job it undertook at the Chester, Illinois facility.

17. West Side retained A&J to operate a "bin whip" machine to assist in safely removing the contents of the hot bin.

18. Upon information and belief, Plaintiff Justin Becker was present at the Chester, Illinois facility on the day of the Incident in the course of his employment with West Side.

19. ConAgra has incurred attorneys' fees and related litigation costs in defending the lawsuit brought by Plaintiffs.

20. On June 14, 2011, ConAgra filed its First Amended Third-Party Complaint against West Side and Crossclaim against A&J. See Doc. #63, ConAgra's First Amended Third-Party Complaint against West Side and Crossclaim against A&J.

## COUNT I
### Negligence (A&J)

21. ConAgra incorporates herein by reference the allegations set forth in paragraphs 1 through 20 above as though said allegations were set forth herein in their entirety.

22. A&J controlled or directed the use of the bin whip to assist in the removal of pellets from the hot bin from the date of their arrival on April 20, 2010 to the date of the Incident.

23. A&J owed a duty of diligence and due care to ConAgra and all other persons lawfully on the premises to perform its work in a reasonably safe manner.

24. At all times relevant, A&J, individually and through its agents, servants, and employees was obligated to comply with and ensure its agents, servants, and employees adhered to all applicable codes, regulations, and policies, including but not limited to all applicable OSHA regulations.

25. At all times relevant, A&J, individually and through its agents, servants and employees was obligated to properly instruct, train and direct the Plaintiff Justin Becker in the work he was engaging in at the time of the alleged incident.

26. From April 20, 2010 to April 27, 2010, A&J, individually and through its agents, servants and employees, was negligent in one or more of the following ways:

   a. Failed to exercise due care and/or perform its work in a reasonably safe manner;

   b. Failed to warn ConAgra and individuals on the premises of the danger posed by the hot bin;

   c. Failed to exercise due care in the use of equipment and machinery, including, but not limited to, the bin whip;

   d. Failed to properly inspect and monitor the bin for changes to the interior conditions;

   e. Failed to properly train its employees in the recognition and prevention of hazards posed by working on a "hot bin" including, but not limited to those which gave rise to the Incident;

   f. Failed to properly instruct, train, and ensure Plaintiff Justin Becker wore the proper personal protective equipment for work in a hot bin environment;

   g. Failed to properly instruct, train, and ensure Plaintiff Justin Becker properly operated the bin whip;

   h. Failed to properly instruct, train, and ensure its agents, servants and employees in the operation the bin whip;

27. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, ConAgra sustained damage to its premises and property, including the grain elevator and bins where the Incident occurred.

28. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, ConAgra lost profits.

WHEREFORE, ConAgra seeks damages from A&J in the amount equal to the property damage, lost profits and other damages arising from A&J's negligence, and such other relief as the Court deems just and proper.

## COUNT II
## Contribution (A&J)

29. ConAgra incorporates herein by reference the allegations set forth in paragraphs 1 through 28 above as though said allegations were set forth herein in their entirety.

30. At all times relevant hereto, there was in full force and effect in the State of Illinois an act entitled Contribution Among Joint Tortfeasors, 740 ILCS 100/1, et seq., which applies to causes of action for contribution occurring on or after March 1, 1978.

31. The Plaintiffs' alleged injuries or damages suffered in connection with their Second Amended Complaint were caused in whole or in substantial part by the negligent acts and/or omissions of West Side and/or A&J.

32. ConAgra filed an Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint denying all material allegations therein. See Doc. # 38, ConAgra's Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint.

33. In the event that ConAgra is found liable to the Plaintiffs, liability which ConAgra expressly denies, such liability will be due in whole or in part to one or more of the aforementioned negligent acts and/or omissions of West Side and/or A&J.

34. In the event that the ConAgra is found liable to the Plaintiffs, liability which ConAgra expressly denies, then ConAgra is entitled to judgment by way of contribution against West Side and/or A&J in an amount commensurate with the relative degree of fault attributable to each party.

WHEREFORE, ConAgra prays that if any liability should attach to ConAgra in favor of Plaintiffs, which liability is expressly denied, and if any damages should be awarded in favor of Plaintiffs and against ConAgra, then the damages should be apportioned between ConAgra and West Side Salvage, Inc. and A & J Bin Cleaning, LLC based upon their pro-rata share of liability, and such other relief as the Court deems just and proper.

**CONAGRA FOODS, INC. DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Joseph C. Orlet*
  Joseph C. Orlet, IL# 06197026
  Brandan P. Mueller, IL# 06275562
  Joseph A. Kilpatrick, IL# 06281909
  190 Carondelet Plaza, Suite 600
  St. Louis, Missouri  63105
  314-480-1500 (Telephone)
  314-480-1505 (Facsimile)

ATTORNEYS FOR DEFENDANT
CONAGRA FOODS, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of August, 2011 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Marc A. Taxman<br>Sean P. Murray<br>Todd P. Klein<br>Angelica Jimenez<br>ANESI, OZMON, RODIN, NOVAK &<br>KOHEN, LTD.<br>161 North Clark Street – 21st Floor<br>Chicago, IL 60601<br>(312) 372-3822<br>(312) 372-3833 (fax)<br>mtaxman@anesilaw.com<br>smurray@anesilaw.com<br>tklein@anesilaw.com<br>ajimenez@anesilaw.com | Matthew J. Petrzelka<br>PETRZELKA & BREITBACH PLC<br>1000 42nd Street SE, Suite A<br>Cedar Rapids, IA 52403<br>(319) 365-3787<br>(319) 365-3788 (fax)<br>mpetrzelka@petrzelkabreitbach.com |

**ATTORNEYS FOR PLAINTIFFS JUSTIN BECKER and AMBER BECKER**

| | |
|---|---|
| Brad L. Badgley<br>BRAD L. BADGLEY, P.C.<br>26 Public Square<br>Belleville, IL 62220<br>618-235-1000<br>bbadg@aol.com | Colin H. Dunn<br>Kevin P. Durkin<br>CLIFFORD LAW OFFICES, P.C.<br>120 North LaSalle St., 31st Floor<br>Suite 3100<br>Chicago, IL 60602<br>312-899-9090<br>Fax: 312-251-1160<br>chd@cliffordlaw.com<br>kpd@cliffordlaw.com |

**ATTORNEYS FOR PLAINTIFF JOHN W. JENTZ**

John G. Schultz
Jason B. Moore
FRANKE SCHULTZ & MULLEN, P.C.
8900 Ward Parkway
Kansas City, MO  64114
816-421-7100
Fax: 816-421-7915
jschultz@fsmlawfirm.com
jmoore@fsmlawfirm.com

**ATTORNEYS FOR THIRD-PARTY DEFENDANT WEST SIDE SALVAGE, INC.**

| | |
|---|---|
| Storrs W. Downey | Stephen L. Beimdiek |
| BRYCE DOWNEY & LENKOV LLC | Sarah J. Hugg |
| 200 N. LaSalle | LASHLY & BAER, PC. |
| Suite 2700 | 714 Locust Street |
| Chicago, IL 60601 | St. Louis, MO 63101 |
| 312-377-1501 (telephone) | 314-621-2939 (telephone) |
| 312-377-1502 (facsimile) | 314-621-6844 (facsimile) |
| sdowney@brycedowney.com | sbeim@lashlybaer.com |
| | shugg@lashlybaer.com |

**ATTORNEYS FOR CROSSCLAIM DEFENDANT A & J BIN CLEANING, LLC**

Richard C. Wuestling
M. Adina Johnson
WUESTLING & JAMES, L.C.
720 Olive Street, Suite 2020
St. Louis, MO 63101
(314) 421-6500
(314) 421-5556 (fax)
wuestling@wuestlingandjames.com
johnson@wuestlingandjames.com

**ATTORNEYS FOR INTERVENOR NATIONAL AMERICAN INSURANCE COMPANY**


                                               */s/ Joseph C. Orlet*