# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN BECKER, et al., | ) |
| Plaintiff, | ) |
| | ) Case No. 10-cv-952-MJR-PMF |
| vs. | ) |
| CONAGRA FOODS, INC., et al., | ) |
| Defendants. | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiffs' oral motion to compel production of documents. Plaintiffs are seeking certain documents withheld on the basis of privilege. The parties have conferred and were able to reduce the number of documents at issue.[1] Defendant ConAgra Foods has submitted the remaining items for in camera review, along with an updated privilege log and affidavits supporting the privilege claims. These items have been reviewed.

### I. Attorney Client Privilege

Because this Court is exercising diversity jurisdiction, Illinois law governs the question of whether a particular document is protected by the attorney-client privilege. Fed. R. Evid. 501. In Illinois, the purpose of the attorney-client privilege is to encourage and promote full and frank consultation between a client and a legal advisor. The privilege protects communications made in confidence by a client to a legal advisor acting in a legal capacity. The communication must be made for the purpose of securing legal advice and must remain confidential. *Consolidated Coal Co. v. Bucyrus-Erie Co.*, 432 N.E.2d 250, 257-258 (Ill. 1982). Because ConAgra is a corporation, the

---

[1] The following documents are no longer at issue and are not part of this review: 0191, 0115, 0118, 0130, 0195, 0203, 0141, 0247, 0258, 0265, 0250, 0268, 0204, 0205, 0252, 0239, and 0256.

Court must evaluate the status of the communicating employee within the corporate hierarchy. The privilege extends to a control group made up of those who act as decision-makers and those whose advisory role is such that a decision would not normally be made without his or her input, and whose opinion in fact forms the basis of any final decision by those with authority. *Id* at 258; *Sterling Finance Management, L.P. v. UBS PaineWebber, Inc*., 782 N.E.2d 895, (Ill App. 2002). ConAgra bears the burden of proof on this privilege claim. *Consolidated Coal Co. V. Bucyrus-Erie Co.*, 432 N.E.2d at 257.

## II. Insurer-Insured Privilege

Illinois recognizes this privilege, which extends the benefits of the attorney-client privilege to certain communications made between a liability carrier and its client. To establish the applicability of this privilege, ConAgra must show (1) the identify of the insured, (2) the identity of the insurance carrier, (3) the duty to defend a lawsuit, and (4) that a communication was made between the insured and an agent of the insurer. *Pietro v. Marriott Senior Living Services, Inc*., 810 N.E.2d 217, 226 (Ill. App. 2004). Again, the burden of proof rests with ConAgra, the party asserting the privilege. *Id*. at 228.

## III. Work Product Doctrine

Federal law governs the work product doctrine, which creates a zone of privacy in which lawyers can analyze and prepare a case free from scrutiny and interference. The doctrine protects documents prepared in anticipation of litigation or for trial by or for another party or its representatives. Fed. R. Civ. P. 26(b)(3). The party asserting work product protection has the burden to establish that the definition has been met. *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996).

**IV. Findings**

Applying the above legal principles to the materials submitted and reviewed in camera, the Court finds as follows:

(1). ConAgra's control group includes the following individuals only to the extent their communications fall within their specific area of corporate responsibility during their employment with ConAgra, summarized below:

    Brad Allen – operations of commercial mills facilities
    Brad Berentson – financial operations, personnel
    Alan Bindel – employee operations, equipment, and machinery at Chester facility
    Paige Buffington – worker's compensation claims
    Tom Culross – environment, health and safety
    Brian Dunekacke – production/operations at the Chester facility
    Godfrey Friedt – operation, maintenance, and servicing of elevators and bins
    Rick Gregory, Jr. – environment, health and safety
    Elaine Hernandez – financial and risk management
    Dean Hoerning – engineering and structural changes
    James Lime – environment, health and safety
    Paul Maass – commercial foods
    Glen Macziewski – insurance needs & coverage
    Scott Martin – technical milling
    Samantha Tran – finance
    Scott Solberg – property insurance
    Damir Stupar – finance
    Kent Ties – finance/insurance
    Leonard Weaver, III – mediation/litigation
    Anthony Yount – environment, health and safety
    Mark Zimitsch – plant operations in New Prague, Minnesota and Alton, Illinois

(2). ConAgra has satisfied its burden of proof by showing that the following documents (identified here by bates stamp number) are protected by the attorney-client privilege. These documents were properly withheld:

| | | |
|---|---|---|
| 0093 | 0192 | 0133 |
| 0096 | 0206 | 0134 |
| 0103 | 0209 | 0135 |
| 0104 | 0254 | 0137 |
| 0110 | 0142 | 0215 |
| 0113 | 0168 | 0260 |
| 0120 | 0202 | 0262 |
| 0127 | 0208 | 0263 |
| 0169 | 0213 | 0245 |
| 0170 | 0248 | 0264 |
| 0171 | 0105 | |

Documents discussing business advice that were forwarded to in-house counsel after the explosion (e.g. 0062, 0010, 0012, 0013) have not been included either because the communications were not made for the purpose of securing legal advice or because information was distributed to individuals outside the control group, negating the element of confidentiality. *CNR Investments, Inc. v. Jefferson Trust and Savings Bank of Peoria*, 451 N.E.2d 580, 615 (Ill. App. 1983).

(3). ConAgra has satisfied its burden of proof by showing that the following documents contain information that is protected by the attorney-client privilege. Because

these documents also contain material that is not protected by a privilege, these documents shall be produced in redacted form:

    0106 - paragraph 4 in the attachment may be redacted
    0108 - paragraph 4 may be redacted
    0111 - all may be redacted except communications with Kevin P. Durkin
    0157 - portions relating to Brandon Mueller may be redacted
    0159 - portions relating to Brandon Mueller may be redacted
    0160 - portions relating to Brandon Mueller may be redacted
    0162 - portion after Leo/Megan may be redacted
    0165 - portion after Leo/Megan may be redacted
    0166 - portion after Leo/Megan may be redacted
    0230 - all may be redacted except for communications with Douglas Jones
    0225 - all may be redacted except for communications with Douglas Jones
    0163 – portion after Leo/Megan may be redacted
    0167 - portion after Leo/Megan may be redacted
    0211 - portion after Leonard may be redacted

(4). ConAgra has satisfied its burden of proof by demonstrating that the following documents are protected by the insurer-insured privilege. These documents were properly withheld:

0199
0200
0201

Communications with Douglas Jones are not included because the materials submitted do not show that Douglas Jones was an agent of a liability carrier having an obligation to defend lawsuits against ConAgra.

(5).  ConAgra has not satisfied its burden of proof to show that documents are protected by the work product doctrine.  While numerous business communications were forwarded to in-house counsel after the explosion, those materials were not prepared in anticipation of litigation and the act of forwarding does not reveal the product of counsel's work.

IT IS ORDERED that the oral motion to compel production is GRANTED in part and DENIED in part.  Documents which remain in dispute and have not been listed in findings (2) and (4) shall be produced within 21 days.  Documents listed in finding (3) shall be produced in redacted form within 21 days.

**SO ORDERED:   September 8, 2011   .**

      S/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**